# United States Court of Appeals

## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 15-1345**

**September Term, 2016**

**SEC-3-15006**

**Filed On:** February 16, 2017

Raymond J. Lucia Companies, Inc. and
Raymond J. Lucia,

      Petitioners

    v.

Securities and Exchange Commission,

      Respondent

**BEFORE:**     Garland*, Chief Judge; Henderson, Rogers, Tatel, Brown, Griffith, Kavanaugh, Srinivasan, Millett, Pillard, and Wilkins, Circuit Judges

## O R D E R

Upon consideration of petitioners' petition for rehearing en banc, the response thereto, and the vote in favor of the petition by a majority of judges eligible to participate, it is

**ORDERED** the petition be granted. Case No. 15-1345 will be reheard by the court sitting en banc. It is

**FURTHER ORDERED** that the judgment filed August 9, 2016 be vacated. It is

**FURTHER ORDERED** that oral argument before the en banc court be heard on Wednesday, May 24, 2017, in Courtroom # 20, Sixth Floor. It is

**FURTHER ORDERED** that, in addition to filing briefs electronically, the parties file 30 paper copies of each of their final briefs and the deferred appendix, in accordance with the following schedule:

      Initial Brief for Petitioners                    March 10, 2017

*Chief Judge Garland did not participate in this matter.

# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

## No. 15-1345                           September Term, 2016

| | |
|---|---|
| Initial Brief(s) for Amici Curiae | March 10, 2017 |
| Initial Brief for Respondent | March 31, 2017 |
| Initial Brief(s) for Amici Curiae, if any | March 31, 2017 |
| Initial Reply Brief for Petitioners | April 10, 2017 |
| Deferred Appendix | April 17, 2017 |
| Final Briefs | April 24, 2017 |

The briefs are to be limited to the following issues:

1. Is the SEC administrative law judge who handled this case an inferior officer rather than an employee for the purposes of the Appointments Clause of Article II of the Constitution?

2. Should the court overrule *Landry v. FDIC*, 204 F.3d 1125 (D.C. Cir. 2000)?

Parties are directed to hand deliver the paper copies of their submissions to the Clerk's office by the date due. To enhance the clarity of their briefs, the parties are urged to limit the use of abbreviations, including acronyms. While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known. *See D.C. Circuit Handbook of Practice and Internal Procedures* 41 (2017); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

Because the briefing schedule is keyed to the date of oral argument, the court will grant requests for extension of time limits only for extraordinarily compelling reasons. The briefs and appendix must contain the date the case is scheduled for oral argument at the top of the cover. *See* D.C. Cir. Rule 28(a)(8).

Separate order(s) will issue scheduling the time of oral argument and allocating oral argument time.

### Per Curiam

**FOR THE COURT:**
Mark J. Langer, Clerk
BY:     /s/
Michael C. McGrail
Deputy Clerk